**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MICHAEL SHANE WREN PLAINTIFF

V. 5:13CV00073-KGB-JJV

DEBRA MCAFEE, Captain,
Tucker Unit, ADC; *et al*. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I. INTRODUCTION

Plaintiff Michael Wren is a former inmate who filed this action *pro se* pursuant to 42 U.S.C. § 1983, while at the Tucker Unit of the Arkansas Department of Correction (ADC).[1] Wren alleges he was a victim of a salmonella outbreak at the Tucker Unit on August 4, 2012, and that Defendant McAfee, as kitchen supervisor, knowingly allowed food to be served to him which had been re-frozen multiple times. (Doc. No. 2 at 6.) In addition, he claims Defendant Williams failed to properly train and supervise food service employees to avoid the danger of food contamination, and failed to ensure that Plaintiff was provided adequate medical care. (*Id*. at 7.) Finally, Plaintiff claims Defendant King denied him access to the infirmary on August 6, 2012, and failed to properly train and supervise medical employees. (*Id*.)

Pending before the Court are the Defendants' Motions for Summary Judgment (Doc. Nos. 39, 43), to which Plaintiff has not filed a Response.[2]

---

[1]Wren notified the Court of his release from incarceration on May 17, 2013 (Doc. No. 24).

[2]On January 30, 2014, the Court notified Plaintiff that if he wished to respond to the pending Motions, he should file responses within twenty-one days of the date of the Order (Doc. No. 46). The Order sent to Plaintiff at his last-known address was returned to the Court as undeliverable on February 10, 2014 (Doc. No. 47).

## II.   SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### A.   Defendants McAfee and Williams

Because Plaintiff failed to respond to Defendants' Motion for Summary Judgment, the Court finds no dispute of material fact that Defendants McAfee and Williams did not violate his constitutional rights, for the following reasons, as gleaned from their Declarations and accompanying exhibits.

On August 4, 2012, a salmonella outbreak occurred at the Tucker and Cummins Units, and Warden Williams was notified the next day that many of the inmates were suffering from stomach cramps, vomiting, and diarrhea. (Doc. No. 39-2 at 1.) He was notified that the Tucker infirmary was treating the inmates for their symptoms, and he cancelled visitation on August 5, 2012, and ordered

that the prison gym be used as a triage center so medical staff could assess each inmate's medical needs. (*Id*. at 1-2.) Captain McAfee also was notified of the outbreak on August 5, 2012, and checked the kitchen cooler to ensure that test trays were retained in the event they needed to be tested. (Doc. No. 39-3 at 1-2.) She also checked the kitchen coolers, storage areas, ingredients for chicken salad which was served on August 4, 2012, and temperature logs, to ensure the equipment was properly operating. (*Id*. at 2.) McAfee questioned the inmate cooks about food preparation for the August 4, 2012, lunch meal and prepared an incident report for Warden Williams. (*Id*. at 2; Doc. No. 39-5.)

Neither McAfee nor Williams were present at the unit during preparation of the August 4, 2012, lunch meal, and neither had any reason to believe that the food served at the Tucker Unit contained salmonella. (Doc. Nos. 39-2 at 3-4; 39-3 at 2-3.) Williams contacted the Arkansas Department of Health (ADH), which conducted an investigation by collecting stool and food samples for microbiological analysis, together with inmate and staff interviews at the Tucker and Cummins Units. (Doc. Nos. 39-2 at 2; 39-1 at 2.) Based on the tests, the ADH identified 597 cases of salmonella exposure at the two units, and identified that the eggs used in the chicken salad, which were supplied by Cummins Unit hen houses, were contaminated with two rare salmonella strains. (Doc. No. 39-1 at 2.) The ADH recommended several improvement measures which were implemented by Defendants Williams and McAfee. (Doc. Nos. 39-1 at 3; 39-2 at 3-4; 39-3 at 2-3.) There had not been a salmonella outbreak at the Tucker Unit since Williams became Warden in March 2010, and there has not been another salmonella outbreak since the August 2012 incident. (Doc. No. 39-2 at 4.) ADC employees are not involved in the day-to-day delivery of medical services and Williams is not a physician and does not provide medical care to inmates. (Doc. No. 39-2 at 2.)

Plaintiff's monetary claims against Defendants in their official capacities should be dismissed

as barred by sovereign immunity. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65-66 (1989); *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Plaintiff's allegations against Defendants McAfee and Williams in their individual capacities also should be dismissed, because Plaintiff provides no evidence that they acted with deliberate indifference to his need for health and safety, which is necessary to support an Eighth Amendment claim for relief. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Furthermore, he provides no evidence that this was more than an isolated incident, and a claim of negligence is not actionable in a claim filed pursuant to § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976), where the court stated, "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain."

There is no dispute that neither McAfee nor Williams were present during food preparation on August 4, 2012, and no evidence that either of them performed their jobs in a manner deliberately indifferent to inmates' health and safety needs. Finally, there is no dispute that the source of the salmonella was the eggs which were provided by another unit, and both Defendants have since implemented additional health and safety procedures as suggested by the ADH.

With respect to a denial of medical care, Plaintiff provides no evidence to support his claim that Defendant Williams, a non-medical official, acted to deny him medical care. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). A prison official who is "not involved in treatment decision made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's diagnostic decision[s].'" *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Camberos*, 73 F.3d at 176). Finally, "if any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) (quoting

*Brown*, 957 F.2d at 566). Therefore, the Court finds as a matter of law that Defendants did not act with deliberate indifference and did not violate Plaintiff's constitutional rights.

Defendants McAfee and Williams also move for summary judgment based on the doctrine of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the declarations and evidence in support of the Motion for Summary

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

Judgment, the Court finds that Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. Therefore, the Court finds Defendants McAfee and Williams are entitled to qualified immunity.

**B. Defendant King**

Defendant King asks to be dismissed from this action based on Plaintiff's failure to exhaust his administrative remedies, and failure to prosecute this action. After reviewing the evidence, the Court finds that the allegations against King should be dismissed with prejudice, for failure to prosecute.

Plaintiff filed and exhausted one grievance about the incident at issue, alleging that the kitchen staff served chicken salad known to be spoiled, causing him to suffer from a severe illness for several days. (Doc. No. 45-1 at 21.) He named Defendants Williams and McAfee and "other kitchen Administration Members" as responsible for the incident. (*Id.*) He received a response from the Warden, noting the incident was caused by a salmonella outbreak, that the health department recommendations were implemented, and that medical care was provided to all inmates. (Doc. No. 2 at 11.) In his appeal, Plaintiff responded that "persistent care was not provided. I was sent back to my barracks by infirmary personnel, administrator Mrs. King, after being seen in the gym. I was shaking sweating profusely, the second time she didn't allow me admittance into the infirmary...." (*Id.*) Plaintiff's appeal was denied as resolved by Assistant Director Marvin Evans. (*Id.* at 13).

The ADC grievance procedures requires that grievances be specific as to persons involved in the incident at issue. (Doc. No. 45-1 at 6.) If an inmate files a grievance of a medical nature, it is forwarded to medical personnel for response, and an appeal is provided to the Deputy Director of Health and Correctional Programs. (*Id.* at 10, 12). Defendant claims that Plaintiff's grievance was not of a medical nature, since he did not complain about the denial of medical care and treatment,

and therefore, he failed to properly exhaust. However, this Court disagrees and finds that Plaintiff adequately exhausted his claim against Defendant King for the following reasons.

The Prison Litigation Reform Act (PLRA) provides,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), *unconst'l on other grounds, Siggers-El v. Barlow*, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In *Booth v. Churner*, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In *Johnson v. Jones*, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in *Jones v. Bock*, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. at 218.

However, the United States Court of Appeals for the Eighth Circuit recently ruled that if prison officials decide a procedurally-flawed grievance on the merits, they effectively waive the argument that an inmate failed to exhaust because he did not comply with the grievance procedures. In *Hammett v. Cofield*, an inmate relied on grievances which were not exhausted or which were filed outside of mandatory time limits. 681 F.3d 945 (8th Cir. 2012). The court decided, however, that the "PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." *Id*. at 947. This line of reasoning was extended to an exhausted grievance

filed by an inmate who failed to comply with prison procedures requiring that defendants be specifically named, in *Bower v. Kelley*, 494 Fed.Appx. 718, 2012 WL 6199266 (8th Cir. Dec. 13, 2012).

As noted by the court in *Hammett*, the "benefits of exhaustion 'include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.'" 681 F.3d at 947 (quoting *Jones v. Bock*, 549 U.S. at 219). The court further noted that "an exhaustion requirement protects a correctional institution's authority by compelling inmates 'to give the agency a fair and full opportunity to adjudicate their claims.'" *Hammett*, 681 F.3d at 947 (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

In this particular case, although Plaintiff did not initiate the grievance process with a medical complaint against Defendant King, he included his complaint against her in his appeal, thus sufficiently providing notice to her. The fact that the grievance was not initially processed as a medical grievance should not render it deficient as to this claim against King. Therefore, the Court will not dismiss based on failure to exhaust.

The Court does find, however, that Plaintiff has failed to adequately prosecute this action against Defendant King. Despite being sent a proper notice of his deposition scheduled for November 6, 2013, in Little Rock, Plaintiff failed to appear, and failed to notify the Defendants of any possible difficulties in his ability to appear (Doc. Nos. 45-2, 45-3.) Local Rule 5.5(c)(2) provides that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently...." In addition, Federal Rules of Civil Procedure 37(d) and 41(b) permit the dismissal of an action due to a party's failure to appear for a deposition. *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

Defendant asks the Court to dismiss Plaintiff's Complaint against her with prejudice, based on his failure to prosecute this action, noting that he has not filed anything in this case since May 28, 2013. (Doc. No. 27). The Court agrees, based on Federal Rule of Civil Procedure 41(b), which provides for dismissal for failure to comply with an order of the court. In this case, the relevant Order was dated April 30, 2013, which granted the Defendants' Motion to take Plaintiff's deposition (Doc. No. 18). Defendant also asks the Court to dismiss with prejudice, relying on Rule 41(b),which states that "unless the dismissal order states otherwise, a dismissal under this subdivision (b)... operates as an adjudication on the merits."

In *First General Resources Co. v. Elton Leather Corp.*, the United States Court of Appeals for the Eighth Circuit held that "[a]lthough dismissal with prejudice is a severe sanction (for failure to comply with a court order), the court may impose such a sanction where the plaintiff has engaged in a pattern of intentional delay. ... the court does not need to find that the plaintiff acted in bad faith, merely that the plaintiff acted deliberately as opposed to accidentally." 958 F.2d 204, 206 (1992) (other citations omitted).

In this case, the Court finds Plaintiff's actions in failing to prosecute this action since his release from incarceration to be deliberate. He did not appear at his scheduled deposition in November 2013, and he chose not to respond to the Defendants' Motions, despite the Court's January 30, 2014, Order providing him another opportunity (Doc. No. 46). In addition, he apparently has failed to notify the Court of a change in his address, as the January 30, 2014, Order was returned as undeliverable (Doc. No. 47). Defendants have incurred time and expense in litigating this action, and the Court finds that the cost of Plaintiff's failure to prosecute should be dismissal of this action with prejudice.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motions for Summary Judgment

(Doc. Nos. 39, 43) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

DATED this 27th day of February, 2014.

                                            JOE J. VOLPE
                                      UNITED STATES MAGISTRATE JUDGE